Kevin ROSA; et al., Plaintiffs—
Appellants,

v.

**CUTTER PONTIAC BUICK GMC OF WAIPAHU, INC., Defendant—Appellee.**

No. 02–17003.
D.C. No. CV–01–00766–DAE/BMK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided Jan. 12, 2005.

John Harris Paer, Honolulu, HI, for Plaintiffs–Appellants.

J.N. Wiedman, Honolulu, HI, for Defendant–Appellee.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Kevin and Lilly Rosa (the Rosas) appeal the district court's granting of Cutter Pontiac Buick GMC's motion for Judgment on the Pleadings. The Rosas contend that their complaint and supporting exhibits adequately allege consummation of the credit transaction, and, therefore, the defendant may be held to answer for alleged violations of the Truth in Lending Act.

Regulation Z defines consummation as "the time that a consumer becomes contractually obligated on a credit transaction." *Jackson v. Grant,* 890 F.2d 118, 120 (9th Cir.1989) (quoting 12 C.F.R. § 226.2(a)(13)). "When a consumer 'becomes contractually obligated' is, in turn, determined by looking to state law[.]" *Id.* In Hawaii, a credit sale contract must be in writing; contain, incorporate by reference, or otherwise clearly refer to all the agreement of the parties; and be signed by the parties. H.R.S. § 476–3(a)(1)–(3).

The Rosas did not sign the Credit Sale Contract. However, they did sign the Addendum to the Credit Sale Contract, which is described as "intended to be the front page of the Credit Sale Contract."

When reviewing motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, we may consider documents on which the complaint necessary relies. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). The Complaint necessarily relied upon the Credit Sale Contract, of which the Addendum was a part. By signing the Addendum and accepting the goods, the Rosas became contractually obligated under Hawaii law, thereby triggering the Truth in Lending Act requirements. *See* H.R.S. § 490:2–20(3); *see also Jackson,* 890 F.2d at 121–22.

The district court in this case determined that no contract was consummated because the Rosas did not qualify for financing. However, subsequent to the district court's ruling, our sister circuit held that *unfunded* financing agreements are encompassed within the meaning of consummation under the Truth in Lending Act. *See Nigh v. Koons Buick Pontiac GMC, Inc.,* 319 F.3d 119, 124 (4th Cir. 2003), *reversed on other grounds in Koons Buick Pontiac GMC, Inc. v. Nigh,* —— U.S. ——, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004). We agree with the reasoning of the Fourth Circuit and, accordingly, reverse the judgment of the district court. We remand this case for consideration of the Plaintiffs' federal and state claims in accordance with this disposition.

REVERSED and REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.